**STATE Plaintiff-Appellee, v FOSTON, Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 492. Decided December 1, 1954.

James H. DeWeese, Troy, for plaintiff-appellee.
William R. Ellis, Springfield, for defendant-appellant.

## OPINION

By WISEMAN, PJ:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Miami County, Ohio, entered on the conviction of the defendant on a charge of receiving and/or concealing personal property, knowing said personal property to be stolen, contrary to §12450 GC.

Assignment of errors comprising sixteen separate headings has been filed by the appellant. A detailed statement of facts and lengthy discussion of the law applicable to each of the numerous questions raised will serve no useful purpose. We have carefully examined the entire record and have given due consideration to the various contentions of counsel for appellant. We pass upon each question raised with brief comment.

Defendant's motion to quash was properly overruled. Before filing motion to quash, defendant had entered a plea of not guilty. Sec. 2941.59 R. C., provides:

"The accused waives all defects which may be excepted to by a motion to quash or a plea in abatement, by demurring to an indictment, or by pleading in bar or the general issue."

The trial court did not lack jurisdiction as the indictment alleged the offense was committed in Miami County, State of Ohio. This was sufficient to clothe the court with jurisdiction.

The grand jury is not restricted to the charge made in the affidavit, on which a preliminary hearing was had which resulted in the defendant being bound over to the grand jury. It is urged that if the grand jury does not indict on the charge made in the affidavit the defendant should be discharged. The law of Ohio is otherwise. In **State v. Klingenberger, 113 Oh St** 418, where the identical question was raised, the court on page 426 said:

"In any case which comes before the grand jury in Ohio upon a charge preferred in police court, the grand jury is empowered to return an indictment according to the facts in evidence, even though it differs from the original charge. It may, in fact, indict originally without charge being made in an inferior court."

Motion of defendant to dismiss after the opening statement of the prosecuting attorney was properly overruled. The prosecutor stated that a number of motors were received and/or concealed by the defendant, knowing the same to have been stolen, and the prosecutor stated that these motors were disposed of by the defendant at different times. The defendant claims that each transaction constituted a separate offense and that according to the value of each motor, the evidence would show at best the commission of a misdemeanor. However, it does not appear that the prosecutor claimed or that the evidence showed that only one motor was received and/or concealed at any given time. The case was finally submitted to the jury with a reference to a specific date and a specific number of motors.

Motion of the defendant for a directed verdict at the close of the State's case, which was renewed at the close of all of the evidence, was properly overruled. The venue was properly laid in the City of Piqua, Miami County, Ohio. Sufficient proof that the property was stolen was presented. Direct proof of actual knowledge on the part of the defendant is not essential. Scienter may be inferred from the facts proved. **Vol. 34 O. Jur. page 1112 Sec. 6.** See **Holtz v. State, 30 Oh St** 486, 489, which holds that concealment, when proven, tends to show guilty knowledge. See, also, **Silverman v. U. S., 3 Abs 237** (full opinion reported in 2 F. [2d] 716); **Burke v. State, 35 O. C. D. 713, 32 O. C. A.** 157. (Motion to certify overruled by Supreme Court April 6, 1920.) The value of the three motors claimed to be in possession of the defendant on January 28, 1952, was clearly established to be in excess of $60.00

The indictment was amended during the trial restricting the State to a day certain on which the offense was alleged to have been committed. The amendment was beneficial to the defendant. We fail to find prejudicial error.

On direct examination counsel for the defendant interrogated the defendant at some length as to prior offenses. The prosecutor cross-examined the defendant with respect to the offenses testified to under dir-

ect examination, and also as to other offenses which were not disclosed by the defendant on direct examination. We find no error committed in the admission of evidence.

The trial court properly overruled defendant's motion for directed verdict at the close of all the evidence. In our opinion the verdict was sustained by sufficient evidence and is not contrary to law. We find no misconduct on the part of any of the witnesses or the prosecuting attorney; neither do we find any statement or instruction of the trial judge to be prejudicial. No exception was taken to the general charge. Motions for new trial and arrest of judgment were properly overruled.

We find no assignment of error well made. In our opinion the defendant had a fair trial and justice has been done.

Judgment affirmed.

MILLER and HORNBECK, JJ, concur.