[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1 (E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2 (G) (1).
Charles Blevins assigns as error (1) the trial court's assumption of jurisdiction over him where there was no companion complaint filed; (2) the trial court's denial of his pretrial motion to dismiss; (3) the trial court's denial of his motion for arrest of judgment; and (4) the trial court's guilty finding on the weight of the evidence.
Blevins's first three assignments of error address the jurisdiction of the trial court. This case originated with a complaint and affidavit alleging felonious assault against one victim, but the grand jury returned an indictment for aggravated menacing, a misdemeanor, against a second victim. Crim.R. 21 allows the common pleas court to transfer an indictment charging a misdemeanor to the municipal court. An indictment formally charging an accused is not dependent on the sufficiency or validity of the original complaint, but on evidence presented to the grand jury. See Mack v. Maxwell (1963), 174 Ohio St. 275,189 N.E.2d 156. Furthermore, the grand jury is empowered to return an indictment according to the facts in evidence, even though it differs from the original charge, or it may indict originally without the charge being made in an inferior court. See State v.Foston (1954), 70 Ohio Law Abs. 540, 129 N.E.2d 307. Accordingly, Blevins's first three assignments of error are overruled.
Blevins's fourth assignment of error claims that the finding of guilty was against the manifest weight of the evidence. The weight of the evidence is a matter for the trial court to decide, and when the trial court has not lost its way in assessing the evidence, this court will not disturb its conclusion. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212.
In this case, we cannot say that the trial court's finding was contrary to the weight of the evidence. The evidence presented to the trial court indicated that Blevins displayed a gun to the victim. Shortly thereafter, the victim saw Blevins approach her son with the gun. Blevins struck the victim's son in the head with the gun. The victim testified that the gun went off and fell to the ground, whereupon Blevins picked it up and began firing. Blevins then ran up to the victim and aimed the gun at her, saying, "Bitch, you got your shit ready." The victim dropped to the ground and crawled to her back yard. Blevins fired the gun again. The victim crawled into a wooded area and removed her white shirt in an attempt to hide from Blevins. Because the record reveals that the trial court did not lose its way in assessing the evidence, we cannot say its decision was against the manifest weight of the evidence. Blevins's fourth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
Enter upon the Journal of the Court on November 3, 1999
per order of the Court _______________________________. _______________________________________________ Presiding Judge